AO 442 (Rev. 5/93) Warrant for Arrest

# United States District Court

## *District of Rhode Island*

UNITED STATES OF AMERICA

v.

HERMAN ROBINSON

**WARRANT FOR ARREST**

CASE NUMBER: 1:01-CR-001-01ML

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest HERMAN ROBINSON
Name

and bring him or her forthwith to the nearest Magistrate Judge to answer a(n)

☐ Indictment ☐ Information ☐ Complaint ☐ Order of Court ☐ Violation Notice ☒ Probation Violation Petition

charging him or her with (brief description of offense)

Violation of Supervised Release

in violation of Title 18 United States Code, Section(s) 3583(d)

Barbara L. Barletta
Name of Issuing Officer

Deputy Clerk
Title of Issuing Officer

Barbara Barletta
Signature of Issuing Officer

PROVIDENCE, RI on AUGUST 16, 2005
Date and Location

Bail fixed at $ ______ by ______
Name of Judicial Officer

| RETURN | | |
|---|---|---|
| at | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

26

form was electronically produced by John Etchells and Richard Jones using Omniform Internet Publisher.

I ,'OB12C
(12/02)

# United States District Court
**for**
## The District of Rhode Island

**Petition for Warrant for Offender Under Supervision**

**Name of Offender:** Herman Robinson **Case Number:** 1:01CR00001-01ML

**Date of Birth:** September 24, 1971 **Current Address:** Unknown

**Name of Sentencing Judicial Officer:** Honorable Mary M. Lisi

**Date of Original Sentence:** May 11, 2001

**Original Offense:** Knowingly and Intentionally Distributing .19 Grams of Cocaine Base, a Schedule II Controlled Substance.

**Original Sentence:** Twenty-four months incarceration, three years supervised release, and a $100 special assessment. As special conditions of supervision, the defendant must participate in substance abuse and mental health counseling as approved by the U.S. Probation Officer.

**Type of Supervision:** Supervised Release **Date Supervision Commenced:** May 31, 2002

**Assistant U.S. Attorney:** Mary E. Rogers, Esquire **Defense Attorney:** Federal Public Defender

**DEFENDANT HAS PREVIOUS VIOLATION OFFENSE(S)**

**Date of Violation Sentence:** July 21, 2004

**Violation Offense(s):** Violations #1, #2, & #3: While on supevision, the defendant shall not commit another federal, state or local crime.

**Violation Sentence:** Eight months incarceration, and thirty-six months supervised release. As special conditions of his supervision, Mr. Robinson shall participate in and satisfactorily complete inpatient or outpatient substance abuse treatment as well as submit no more than 150 urine screens. Further, he shall partipate in and satisfactorily complete a program of mental health as approved by the U.S. Probation Office. Mr. Robinson shall seek out and maintain employment and complete twenty hours of community service for each week he is not employed part-time. Lastly, he shall abstain from the use of alcoholic beverages and/or all intoxicants during and after the course of treatment.

**Date Supervision Recommenced:** February 17, 2005

25

## PETITIONING THE COURT

☒ To issue a **Warrant**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Condition Violated | Nature of Noncompliance |
|---|---|
| **Standard Condition** | **"The defendant shall refrain from any unlawful use of a controlled substance."**<br><br>Mr. Robinson used cocaine as evidenced by his May 23, 2005, and August 4, 2005 positive urine specimens. |
| **Condition # 3** | **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."**<br><br>Mr. Robinson has failed to provide United States Probation Officer David S. Borrelli with written verification that he is employed as directed on May 20, 2005, May 23, 2005, May 25, 2005, May 27, 2005, June 8, 2005, July 12, 2005, and July 13, 2005. |
| **Condition # 3** | **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."**<br><br>Mr. Robinson failed to attend substance abuse counseling as directed by United States Probation Officer David S. Borrelli on May 23, 2005, May 25, 2005, and June 9, 2005. |
| **Condition # 6** | **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."**<br><br>Mr. Robinson moved from his last known residence at 59 Mechanic Street, 2nd Floor, Pawcatuck, Connecticut on or about July 21, 2005, without notifying United States Probation Office David S. Borrelli as evidenced by statements made by his family members on July 21, 2005, and August 2, 2005. |
| **Special Condition** | **"The defendant shall participate in an outpatient program approved by the Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol."**<br><br>Mr. Robinson has failed to attend counseling as evidenced by his June 20, 2005, July 1, 2005, and July 29, 2005, unexcused absences from counseling. |
| **Special Condition** | **"The defendant shall perform <u>20</u> hours of community service as approved by the probation officer, for each week he is not employed at least part-time during his term of supervision."** |

Mr. Robinson has failed to complete twenty (20) hours of community service each week at the Westerly, Rhode Island Public Library since April 4, 2005, as directed by United States Probation Officer David S. Borrelli on February 25, 2005.

**Special Condition** **"The defendant shall abstain from the use of alcoholic beverages and/or all intoxicants during and after the course of treatment."**

Mr. Robinson consumed alcohol as evidenced by his admission on May 23, 2005, to United States Probation Officer David S. Borrelli.

**Standard Condition #6** **"The defendant shall notify the Probation Office ten (10) days prior to any change in residence."**

Mr. Robinson moved from his residence at 63 Mechanic Street, Pawcatuck, Connecticut on or about May 10, 2005, without notifying United States Probation Officer David S. Borrelli.

**U.S. Probation Officer Recommendation:**

It is respectfully recommended that the Court issue a Warrant so that the defendant can appear and answer to the alleged violations.

Reviewed and Approved by:

Kurt E. O'Sullivan
Supervising U.S. Probation Officer

Date: 8/12/05

I declare under the penalty of perjury that the foregoing is true and correct:

David S. Borrelli
U.S. Probation Officer

Date: 08/12/05

## The Court Orders

- ☐ No Action
- ☑ The Issuance of a Warrant
- ☐ The Issuance of a Summons
- ☐ Other

Honorable Mary M. Lisi
U.S. District Judge

August 15, 2005
Date

# United States District Court
for
## The District of Rhode Island

August 9, 2005

| | | | |
|---|---|---|---|
| **Offender:** | Herman Robinson | **Case No.:** | 1:01CR00001-01ML |
| **Sentence Date:** | July 21, 2004 | **Expiration Date:** | February 16, 2008 |
| **Sentencing Judge:** | Honorable Mary M. Lisi | | |
| **AUSA:** | Mary E. Rogers, Esquire | **Defense Counsel:** | Federal Public Defender |

## SUPERVISED RELEASE VIOLATION REPORT

1. Should the Court find that the defendant has committed the alleged violations, this report is submitted to provide the Court with information it will need to render an appropriate disposition.

### Part A. Original Offense

2. On May 11, 2001, Mr. Robinson appeared before the Honorable Mary M. Lisi, United States District Judge after having pled guilty to Knowingly and Intentionally Distributing .19 Grams of Cocaine Base, a Class C felony, and was sentenced to twenty-four months incarceration, three years supervised release and a $100 special assessment. As special conditions of supervised release, he must participate in either inpatient or outpatient drug treatment as directed by the probation department as well as participate in mental health treatment as directed by the probation department.

3. On October 20, 2003, based on a state conviction for Tampering with a Motor Vehicle, Mr. Robinson's conditions were modified to include twenty-four hours of community service at a location approved by the United States Probation Department.

4. On July 21, 2004, Mr. Robinson appeared before Judge Lisi, after having admitted to violating his conditions of supervised release by committing three separate criminal offenses, and was sentenced to eight months incarceration and three years of supervised release. As special conditions of his supervision, Mr. Robinson shall participate in and satisfactorily complete inpatient or outpatient substance abuse treatment as well as submit no more than 150 urine screens. Further, he shall partipate in and satisfactorily complete a program of mental health as approved by the U.S. Probation Office. Mr. Robinson shall seek out and maintain employment and complete twenty hours of community service for each week he is not employed part-time. Lastly, he shall abstain from the use of alcoholic beverages and/or all intoxicants during and after the course of treatment.

5. Supervised release commenced on February 17, 2005 with an expiration date of February 16, 2008.

**Part B. Nature of Non-compliance**

| | | |
|---|---|---|
| 6. | **Standard Condition** | **"The defendant shall refrain from any unlawful use of a controlled substance."**<br><br>Mr. Robinson used cocaine as evidenced by his May 23, 2005, and August 4, 2005 positive urine specimens. |

As to this violation, on May 23, 2005, Mr. Robinson reported to the United States Probation Department and admitted to United States Probation Office David S. Borrelli that he had used cocaine on May 21, 2005, with a woman he was dating. He provided a urine screen that was sent to Scientific Testing Laboratories, Richmond, Virginia that subsequently tested positive for cocaine on May 25, 2005.

On August 4, 2005, Mr. Robinson reported to the United States Probation Department and submitted to another urine specimen that tested positive for cocaine. He admitted to United States Probation Officer Michael Perry that he had ingested cocaine.

| | | |
|---|---|---|
| 7. | **Condition # 3** | **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."**<br><br>Mr. Robinson has failed to provide United States Probation Officer David S. Borrelli with written verification that he is employed as directed on May 20, 2005, May 23, 2005, May 25, 2005, May 27, 2005, June 8, 2005, July 12, 2005, and July 13, 2005. |

As to this violation, on May 20, 2005, Mr. Robinson contacted United States Probation Officer David S. Borrelli and advised that he was no longer completing community service hours as he had secured a job landscaping. USPO Borrelli directed Mr. Robinson to acquire a letter from his employer verifying his employment and provide it to him on May 23, 2005.

On May 23, 2005, Mr. Robinson met with USPO Borrelli at the United States Probation Office and failed to provide a letter verifying his employment. He was again directed to acquire a letter verifying his employment and to send it to USPO Borrelli.

On May 25, 2005, USPO Borrelli contacted Mr. Robinson telephonically and directed him to secure a letter verifying his employment by May 26, 2005.

On May 26, 2005, Mr. Robinson failed to contact USPO Borrelli or submit a letter verifying his employment.

On May 27, 2005, USPO Borrelli met with Mr. Robinson at his home and admonished him for his failure to secure a letter verifying his employment. Mr. Robinson could not provide the name of his employer as he referred to his employer as "this guy" and he advised USPO Borrelli that he would have the letter by May 29, 2005.

On May 29, 2005, Mr. Robinson failed to contact USPO Borrelli or provide a letter verifying his employment.

On June 8, 2005, USPO Borrelli met with Mr. Robinson at his residence and he advised that he still had not acquired a letter. USPO Borrelli, again, directed Mr. Robinson to acquire a letter verifying his employment.

On June 9, 2005, Mr. Robinson reported to the United States Probation Office and failed to provide a letter

verifying his employment.

On July 12, 2005, USPO Borrelli spoke to Mr. Robinson telephonically. Mr. Robinson asserted that he had not acquired a letter for his employer, however, he would do so and provide it to USPO Borrelli by July 13, 2005.

On July 13, 2005, Mr. Robinson reported to the United States Probation Office and failed to provide a letter verifying his employment.

8. **Condition # 3** **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."**

Mr. Robinson failed to attend substance abuse counseling as directed by United States Probation Officer David S. Borrelli on May 23, 2005, May 25, 2005, and June 9, 2005.

As to this violation, on May 23, 2005, United States Probation Officer David S. Borrelli met with Mr. Robinson at the United States Probation Office and directed him to contact CODAC, an outpatient substance abuse treatment facility in Wakefield, Rhode Island as he had admitted using alcohol and cocaine.

On May 25, 2005, Mr. Robinson spoke to USPO Borrelli telephonically and advised that he had not had contacted CODAC. Again, USPO Borrelli directed him to contact CODAC to arrange for outpatient treatment.

On June 9, 2005, USPO Borrelli referred Mr. Robinson to outpatient counseling at the Phoenix House located in Westerly, Rhode Island. Mr. Robinson was directed to report to the Phoenix House location on June 10, 2005 to arrange for a time for an intake meeting.

On June 10, 2005, Mr. Robinson visited the Phoenix House, Westerly, Rhode Island and scheduled a July 1, 2005, intake meeting.

On July 1, 2005, USPO Borrelli received telephonic notification that Mr. Robinson had failed to attend his intake session that day.

On July 29, 2005, USPO Borrelli received a telephonic message from the Phoenix House indicating that Mr. Robinson had cancelled his appointment that day, however, he did not provide a reasonable explanation. Further, he did not arrange for another appointment and insisted that he would call to arrange a session at a later date.

On August 10, 2005, the Phoneix House contacted USPO Borrelli and advised that Mr. Robinson had not contacted their office since July 19, 2005 and he would be discharged from the program.

9. **Condition # 6** **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."**

Mr. Robinson moved from his last known residence at 59 Mechanic Street, 2nd Floor, Pawcatuck, Connecticut on or about July 21, 2005, without notifying United States Probation Office David S. Borrelli as evidenced by statements made by his family members on July 21, 2005, and August 2, 2005.

As to this violation, on July 21, 2005, United States Probation Officer David S. Borrelli attempted an unannounced

home visit at Mr. Robinson's last known address at 59 Mechanic Street, Pawcatuck, Connecticut. Cory Hazard, a resident of this location, advised USPO Borrelli that Mr. Robinson no longer lived at his home and had moved out. Mr. Hazard did not know where Mr. Robinson had moved and did not know of any other means to contact him.

On July 22, 2004, Mr. Robinson spoke to USPO Borrelli telephonically and advised that he was still residing at 59 Mechanic Street, Pawcatuck, Rhode Island.

On July 26, 2005, USPO Borrelli, again, attempted an unannounced home visit with Mr. Robinson at his last known residence. A man who described himself as the uncle of Mr. Robinson's cousin, advised that Mr. Robinson had not been residing at the home for approximately three weeks.

On July 28, 2005, USPO Borrelli spoke to Mr. Robinson telephonically while attempting to locate him at his grandmother's home. He insisted that he did not move and was still residing in Pawcatuck, Connecticut.

On August 1, 2005, USPO Borrelli met with Mr. Robinson's grandmother and uncle, William Northup. They asserted that Mr. Robinson had moved out of 59 Mechanic Street, Pawcatuck, Connecticut and was residing with his mother at a home located in Westerly, Rhode Island.

10. **Special Condition** **"The defendant shall participate in an outpatient program approved by the Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol."**

Mr. Robinson has failed to attend counseling as evidenced by his June 20, 2005, July 1, 2005, and July 29, 2005, unexcused absences from counseling.

As to this violation, on June 20, 2005, Mr. Robinson failed to attend an intake meeting at the Phoenix House, Westerly, Rhode Island as scheduled.

On July 1, 2005, Mr. Robinson, again, failed to attend an intake meeting at the at the Phoenix House, Westerly, Rhode Island as scheduled.

On July 29, 2005, Mr. Robinson cancelled a counseling appointment with the Phoenix House, Westerly, Rhode Island and failed to reschedule another appointment.

Mr. Robinson has not reported to the Phoenix House, Westerly, Rhode Island since July 19, 2005, and he has been discharged from treatment.

11. **Special Condition** **"The defendant shall perform <u>20</u> hours of community service as directed by the probation officer."**

Mr. Robinson has failed to complete twenty (20) hours of community service each week at the Westerly, Rhode Island Public Library since April 4, 2005, as directed by United States Probation Officer David S. Borrelli on February 25, 2005.

As to this violation, on February 25, 2005, Mr. Robinson was referred to Westerly, Rhode Island Public Library for community service by United States Probation Officer David S. Borrelli. On April 7, 2005, USPO Borrelli received a letter from the library dated March 14, 2005, indicating that Mr. Robinson had commenced completing

20 hours of community service per week.

On May 10, 2005, USPO Borrelli met with Frank Illuzzi, the Community Service Coordinator for the library and he indicated that Mr. Robinson had been completing his hours up until about three weeks earlier. According to Mr. Illuzzi, Mr. Robinson completed sixty (60) hours of community service between March 14, 2005 and April 3, 2005. As Mr. Robinson had not completed any community service since April 4, 2005, Mr. Illuzzi had discarded all records pertaining to Mr. Robinson's community service work.

On May 26, 2005, Mr. Illuzzi and USPO Borrelli had telephonic contact. Mr. Illuzzi verified that Mr. Robinson had completed sixty (60) hours of community service starting on March 14, 2005 and April 4, 2005. He has, however, not seen Mr. Robinson since his completion of those hours.

As Mr. Robinson has failed to perform community service since April 4, 2005 and he has accumulated four hundred forty (440) community service hours.

**Special Condition** **"The defendant shall abstain from the use of alcoholic beverages and/or all intoxicants during and after the course of treatment."**

Mr. Robinson consumed alcohol as evidenced by his admission on May 23, 2005, to United States Probation Officer David S. Borrelli.

As to this violation, on May 23, 2005, Mr. Robinson reported to the United States Probation Office and admitted consuming alcohol to United States Probation Officer David S. Borrelli.

**Standard Condition #6** **"The defendant shall notify the Probation Office ten (10) days prior to any change in residence."**

Mr. Robinson moved from his residence at 63 Mechanic Street, Pawcatuck, Connecticut on or about May 10, 2005, without notifying United States Probation Officer David S. Borrelli.

As to this violation, on May 10, 2005, USPO Borrelli conducted an unannounced home visit and discovered that Mr. Robinson had moved from his last known residence 63 Mechanic Street, Pawcatuck, Connecticut. His cousin, Anthony Hazard, advised that he had moved to 59 Mechanic Street, 2nd Floor, Pawcatuck, Connecticut. USPO Borrelli spoke to Mr. Robinson by telephone with Mr. Hazard and he asserted that he had moved to his new residence approximately one week earlier. He was verbally admonished for his actions and directed to provide notification in accordance to his conditions of supervision.

**Part C. Sentencing Options**

12. **<u>Maximum Term of Imprisonment</u>:** Pursuant to 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statue for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or A

misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above stated maximums to arrive at the current remaining statutory maximum sentence.

**In this case, the defendant was on supervision for a Class C Felony. Therefore, he may not be required to serve more than 2 years imprisonment upon revocation.**

**However, since the defendant has already served 8 months imprisonment as a result of one previous revocation, the statutory maximum term of imprisonment remaining is 16 months.**

13. **Extension of Supervised Release:** Pursuant to 18 U.S.C. § 3583(e)(2), if the Court finds that the defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the maximum term was previously imposed.

**In this case, the maximum term of supervised release is Life. A term of 3 years has already been imposed.**

14. **Classification of Violations:** Section 7B1.1 of the Sentencing Guidelines provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device, or (B) any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) states that upon finding of a Grade C violation, the Court may revoke, extend, or modify the conditions of supervision.

**In this case, the defendant has committed Grade C violations. Therefore, the Court may revoke, extend or modify the conditions of supervision.**

15. **Unsatisfied Conditions:** Pursuant to § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment.

**In this case, there is no outstanding restitution, fine, community confinement, home detention, or intermittent confinement.**

16. **Criminal History:** Pursuant to § 7B1.4(a), the criminal history category is the category applicable at the time the defendant was originally sentenced.

**In this instance, the defendant had a criminal history category of VI at the time of sentencing.**

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range.

**In this case, the defendant committed Grade C Violations and has a Criminal History Category of VI. Therefore, the applicable range of imprisonment for this violation is 8 to 14 months.**

17. **Satisfying the Term of Imprisonment:** Should the Court find that the defendant has committed a Grade B or C violation, § 7B1.3(c)(1) states that where the minimum term of imprisonment determined under § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that the defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

**The second provision which allows for alternatives for one-half of the minimum term applies to this matter.**

18. **Supervised Release Following Imprisonment:** Pursuant to 18 U.S.C. § 3583(h), and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

**In this case, the authorized statutory maximum term of supervised release is Life.**

19. Pursuant to § 7B1.5(b), upon revocation of supervised release, no credit shall be given (toward any term of imprisonment ordered) for time previously served on post-release supervision.

**Part D. Personal History Update**

20. Herman Robinson, age 33, was released from the Federal Bureau of Prisons on February 17, 2005, and moved in with his parents at their apartment located at 63 Mechanic Street, Pawcatuck, Rhode Island. Since this time, Mr. Robinson has failed to meet the special conditions of his supervision by not participating in substance abuse counseling, not seeking and maintaining employment, not completing community service and not abstaining from the use of intoxicants.

21. Mr. Robinson has been diagnosed with a learning disability and has a pending social security claim. He has one child and it is unknown to what extent he is having contact with his son.

22. At the present time, Mr. Robinson's whereabouts is unknown.

**Part E. Release or Detention Pending Disposition**

23. Rule 32.1(a)(6) indicates that the magistrate judge may release or detain a person under 18 U.S.C. § 3143(a) pending further proceedings. The burden of establishing that the person will not flee or pose a danger to any other person or the community rests with the person.

Respectfully submitted,

David S. Borrelli
David S. Borrelli
U.S. Probation Officer
Date: 08/12/05

Reviewed & Approved:

Kurt E. O'Sullivan
Kurt E. O'Sullivan
Supervising U.S. Probation Officer
Date: 8/12/05

cc: Mary E. Rogers, Esquire, AUSA
Assistant Federal Defender