UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:01-CR-001-01ML |
| | : | |
| HERMAN ROBINSON | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a hearing was held on August 23, 2005, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violations. At the hearing, I ordered Defendant detained pending my Report and Recommendation and final sentencing before District Judge Mary M. Lisi. Based upon the following analysis and the admission of the Defendant, **I recommend that the Defendant be committed to the Bureau of Prisons for a term of ten (10) months of incarceration, followed by a term of supervised release for a period of twenty-four (24) months. I further recommend that, while on supervised release, Defendant participate in an outpatient or inpatient substance abuse treatment program as approved by the United States Probation Officer, submit to no more than 150 urine specimens per year and abstain from the use of alcohol and/or intoxicants; that Defendant participate in outpatient mental**

**health treatment as approved by the United States Probation Officer; and that Defendant complete twenty hours of community service for each week he is not employed part-time during his supervision.**

**Background**

On August 12, 2005, the Probation Office petitioned the Court for the issuance of a Warrant for Defendant's arrest. On August 15, 2005, the District Court reviewed the request and ordered the issuance of a Warrant. Defendant was arrested and appeared in Court on August 23, 2005 at which time Defendant knowingly and voluntarily admitted to the following charges and waived his right to a revocation hearing under Fed. R. Crim. P. 32.1(b)(2):

> **The defendant shall refrain from any unlawful use of a controlled substance.**
>
> Mr. Robinson used cocaine as evidenced by his May 23, 2005 and August 4, 2005 positive urine specimens.
>
> **The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**
>
> Mr. Robinson has failed to provide United States Probation Officer David S. Borrelli with written verification that he is employed as directed on May 20, 2005, May 23, 2005, May 25, 2005, May 27, 2005, June 8, 2005, July 12, 2005, and July 13, 2005.
>
> **The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**
>
> Mr. Robinson failed to attend substance abuse counseling as directed by United States Probation Officer David S. Borrelli on May 23, 2005, May 25, 2005 and June 9, 2005.

**The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.**

Mr. Robinson moved from his last known residence at 59 Mechanic Street, 2nd Floor, Pawcatuck, Connecticut on or about July 21, 2005, without notifying United States Probation Officer David S. Borrelli as evidenced by statements made by his family members on July 21, 2005, and August 2, 2005.

**The defendant shall participate in an outpatient program approved by the Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol.**

Mr. Robinson has failed to attend counseling as evidenced by his June 20, 2005, July 1, 2005 and July 29, 2005 unexcused absences from counseling.

**The defendant shall perform 20 hours of community service as approved by the probation officer, for each week he is not employed at least part-time during his term of supervision.**

Mr. Robinson has failed to complete twenty (20) hours of community service each week at the Westerly, Rhode Island Public Library since April 4, 2005 as directed by United States Probation Officer David S. Borrelli on February 25, 2005.

**The defendant shall abstain from the use of alcoholic beverages and/or all intoxicants during and after the course of treatment.**

Mr. Robinson consumed alcohol as evidenced by his admission on May 23, 2005 to United States Probation Officer David S. Borrelli.

**The defendant shall notify the Probation Office ten (10) days prior to any change in residence.**

Mr. Robinson moved from his residence at 63 Mechanic Street, Pawcatuck, Connecticut on or about May 10, 2005 without notifying United States probation Officer David S. Borrelli.

As the Defendant has admitted these charges, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the court may extend the term of supervised release if less than the maximum term was previously imposed. Here, the maximum term of supervised release is life. A term of three years has already been imposed.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for a Class C felony. Therefore, he may not be required to serve more than two years' imprisonment upon revocation. However, since the defendant has already served eight months imprisonment as a result of one previous revocation, the statutory maximum term of imprisonment remaining is sixteen months.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is life.

Section 7B1.1 provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision. In this case, Defendant committed

Grade C violations. Therefore, the court may revoke, extend or modify the conditions of supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. The second provision which allows for alternatives for one-half of the minimum term applies to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. In this case, there is no outstanding restitution, fine, community confinement, home detention or intermittent confinement.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant originally was sentenced. In this instance, Defendant had a criminal history category of VI at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed Grade C violations and has a Criminal History Category of VI. Therefore, the applicable range of imprisonment for this violation is eight to fourteen months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

Defendant was originally sentenced by District Judge Lisi in May of 2001 to twenty-four months of incarceration for cocaine distribution to be followed by thirty-six months of supervised release with special conditions. Defendant's first period of supervision commenced on May 31, 2002 and he barely made it five months until he violated by committing a state motor vehicle offense in December of 2002. Defendant had subsequent motor vehicle offense convictions, including one for driving under the influence, and, on July 21, 2004, District Judge Lisi sentenced him to eight more months of incarceration as a violator, again to be followed by thirty-six months of supervised release with special conditions.

Defendant's second period of supervision commenced on February 17, 2005. This time it only took Defendant approximately three months before he violated the terms of his supervision.

Defendant tested positive for cocaine use and admitted to consuming alcohol, both on May 23, 2005. Defendant also blatantly ignored the instructions of his Probation Officer and failed to participate in substance abuse counseling.

In connection with Defendant's first violation case, Magistrate Judge Lovegreen noted that Defendant has a substance abuse problem which he needs to face and address. He also commented that this was "a sad case because a young man continues to waste his life." Unfortunately, Defendant has either been unwilling or unable to face and begin to tackle his substance abuse problem, and he continues to waste his life. It is a sad case.

At the hearing, the Government requested a high end (fourteen months) sentence. The Government did not request any further supervised release and argued that Defendant was simply not a good candidate for supervision. Defendant argued for a low end (eight months) sentence to be split between incarceration and a work release program.

At the hearing, this Court expressed concern about relieving Defendant of any further period of supervision simply because Defendant chose not to comply. This Court does not want to send the message to individuals on supervised release that you can get out from under supervision simply by violating and doing your time. Part of Defendant's original sentence was a period of supervision which was intended both to punish him for his crime and to assist with Defendant's return to the community. He has not successfully completed that part of his sentence. In addition, this Court is not yet willing to give up on Defendant. Although supervision of Defendant has presented a challenge, it will be very difficult for him to have any chance of successful rehabilitation without the oversight and support of supervision.

Defendant did readily admit to the violations and accept responsibility for his actions. This Court will give Defendant credit for doing so. Probation originally recommended a sentence of twelve months' incarceration to be followed by thirty-six months of supervised release with conditions. Defendant received a sentence of eight months' incarceration for his first violation. This Court recommends a mid-range sentence of ten months' incarceration to be followed by twenty-four months' supervised release with special conditions.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that the Defendant be committed to the Bureau of Prisons for a term of ten (10) months of incarceration, followed by a term of supervised release for a period of twenty-four (24) months. I further recommend that, while on supervised release, Defendant participate in an outpatient or inpatient substance abuse treatment program as approved by the United States Probation Officer, submit to no more than 150 urine specimens per year and abstain from the use of alcohol and/or intoxicants; that Defendant participate in outpatient mental health treatment as approved by the United States Probation Officer; and that Defendant complete twenty hours of community service for each week he is not employed part-time during his supervision.**

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 32, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v.

Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
August 25, 2005